UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                                                  **MOTION TO DISMISS**

    Loretta Poliseno-Fischer
    aka Loretta Poliseno

                                              Chapter 13
                                              Case No. 1-18-43429-ESS
                      Debtors.      HON. ELIZABETH S. STONG

_____

      Lisa Milas, an attorney admitted to practice law, in the courts of the State of New York and in this Court, hereby affirms the following to be true under penalty of perjury

      1.    I am a partner with Schiller, Knapp, Lefkowitz & Hertzel, LLP attorneys for AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee (hereinafter "AJX"), by its servicing agent Gregory Funding, LLC (hereinafter "GF"), a secured creditor of the above-named Debtor. I am fully familiar with the facts of this case and submit this affirmation in support of an Order Dismissing Case. As grounds for said Motion, it is hereby alleged as follows:

## BACKGROUND

      2.    AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee ("AJX") is a secured creditor of Loretta Poliseno-Fischer (the "Debtor") pursuant to note and mortgage executed by the Debtor and secured by real property commonly known as 2180 E. 34th Street, Brooklyn, New York 11234. The loan

is serviced by Gregory Funding, LLC.  As servicing agent GF accepts payments and maintains loan records.

3. Based on the debtor's default in making regular monthly mortgage a state court foreclosure action was commenced in **2011.**

4. The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in this Court on June 13, 2018.

5. The Debtor has not made a payment in **eight years.** The loan remains contractually due for the **August 1, 2010 payment.**

6. AJX duly filed a Proof of Claim evidencing mortgage arrears in the amount of **$300,777.87** and total debt of **$623,153.73**.

7. The escrow advance alone at the time of filing was **$53,839.92.**

8. The Debtor's "Schedule A" values the Property at $510,000.00.

## LOSS MITIGATION

9. On **June 13, 2018** the Debtor filed a Chapter 13 Plan requesting loss mitigation.

10. The Loss Mitigation Program is designed to function as a forum in individual bankruptcy cases for debtors and lenders to reach consensual resolution whenever a debtor's residential property is at risk of foreclosure. The Loss Mitigation Program aims to facilitate resolution by opening the lines of communication between the debtors' and lenders' decision-makers. EDNY General Order #582

11. Notwithstanding the gargantuan mortgage arrears and eight year default on **July 2, 2018,** AJAX cooperated in good faith with the Debtor's request for loss mitigation and filed a Loss Mitigation Contact Designation along with a Loss Mitigation Package for the Debtor to complete despite that a Loss Mitigation had not yet been issued by the Court.

11. In over two months, the Debtor has not provided **any** documentation in support of her request for loss mitigation. It is disingenuous for the Debtor to expect this Court to allow the Debtor to remain in the loss mitigation program and not act on it when the Debtor received a timely package over two months ago.

13. The Debtor's proposed Chapter 13 Plan doesn't provide to pay AJX post-petition payments.

14. AJX continues to shoulder the burden of taxes and insurance while not be paid.  All the while the Debtor sits under Loss Mitigation Program umbrella while doing nothing. The Debtor's sloth like attention to her own financial affairs since filing her loss mitigation request should not be tolerated the Court.  The Bankruptcy system is intended to be a shield for true hardship and to facilitate reorganization. There is no reorganization here.

15. The Debtor's delay is prejudicial to the Creditor.

16. Accordingly AJX seeks dismissal pursuant to 11 U.S.C. §1307(c)(1).

17.     Moreover, AJX's security interest is not adequately protected as envisioned under 11 U.S.C. §361.

18.     Although the term "adequate protection" is not defined by the Bankruptcy Code, it has been generally interpreted to require that the creditor receive sufficient payments such that, in light of the collateral it holds and the nature of its interest, its financial position is not eroding. See Bluebird Partners, L.P. v. First Fidelity Bank N.A., 85 F.3d 970, 972 (2d Cir. 1996).

19.     It is respectfully submitted that in the event the dismissal is not granted AJX is entitled to adequate protection payments pursuant to 11 U.S.C. §361, retroactive to the date of Debtor's bankruptcy filing in an amount no less than $2,071.80 per month. The Debtor is entitled to a fresh start not a head start, free of obligations.

**WHEREFORE**, AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, by its servicing agent Gregory Funding, LLC respectfully requests that this Court enter a Dismissal Order as to Movant, its successors and/or assigns, and such other and further relief as the Court may deem just and proper.

Dated:  September 17, 2018        **SCHILLER & KNAPP LEFKOWITZ & HERTZEL LLP**

By: __s/Lisa Milas_____
Lisa Milas, Esq.
Attorneys for AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, by its servicing agent Gregory Funding, LLC
950 New Loudon Road
Latham, New York 12110
(518) 786-9069