UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                                                **SUPPLEMENTAL**
                                                                     **AFFIRMATION IN SUPPORT**
                                                                     **OF MOTION TO DISMISS**

Loretta Poliseno-Fischer
a/k/a Loretta Poliseno

                                                                     Chapter 13
                                                                     Case No. 1-18-43429-ESS
                                       Debtor.          HON. ELIZABETH S. STONG

_____

        Lisa Milas, an attorney admitted to practice law, in the courts of the State of New York and in this Court, hereby affirms the following to be true under penalty of perjury

        1.     I am a partner with Schiller, Knapp, Lefkowitz & Hertzel, LLP attorneys for AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee (hereinafter "AJX"), by its servicing agent Gregory Funding, LLC (hereinafter "GF"), a secured creditor of the above-named Debtor. I am fully familiar with the facts of this case and submit this supplemental affirmation in support of an Order Dismissing Case. As grounds for said supplemental affirmation, it is hereby alleged as follows:

### BACKGROUND

        2.     AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee ("AJX") is a secured creditor of Loretta Poliseno-Fischer (the "Debtor") pursuant to note and mortgage executed by the Debtor and secured by real

property commonly known as 2180 E. 34th Street, Brooklyn, New York 11234. The loan is serviced by Gregory Funding, LLC. As servicing agent GF accepts payments and maintains loan records.

3. The Debtor has not made a payment in **eight years.** The loan remains contractually due for the **August 1, 2010 payment.**

4. AJX duly filed a Proof of Claim evidencing mortgage arrears in the amount of **$300,777.87** and total debt of **$623,153.73**.

5. The Debtor's "Schedule A" values the Property at $510,000.00.

## **LOSS MITIGATION**

6. Our Firm wrote to debtor's counsel on or about January 18, 2019, advising that in accordance with the Loss Mitigation Order, GF completed its review of the debtor's request for loss mitigation and we provided debtor's counsel with a proposed forbearance agreement. Additionally, we requested debtor's counsel advise us if her client would like to pursue non-retention options.

7. On or about February 1, 2019, the undersigned contacted debtor's counsel via email to follow up with respect to the forbearance plan and inquire if the Debtor was interested in non-retention options.

8. On or about February 4, 2019, our Firm notified Debtor's counsel the forbearance plan was denied because the offer had not been accepted and has now expired.

## ADEQUATE PROTECTION PAYMENTS

9.   The Debtor's proposed Chapter 13 Plan at paragraph 3.3 provides in pertinent part as follows:

> The mortgage due to **Globe Mortgage America / FlagstarBank** (creditor name) on the property known as **2180 E 34th St., Brooklyn, NY 11234** under account number ending **3667** (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $**400,000.00**, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $**400,00.00**, and will be paid at **4**% interest amortized over **40** years with an estimated monthly payment of $**2,071.80** including interest and escrow of $**400.00**. The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward.

The foregoing language clearly contemplates the Trustee payments be earmarked for the Creditor who continues to shoulder the burden of taxes and insurance. Accordingly, it is respectfully submitted that in the event dismissal is granted by this Court, AJX is entitled to adequate protection payments pursuant to 11 U.S.C. §361, retroactive to the date of Debtor's bankruptcy filing in an amount no less than $2,071.80 per month. The Debtor is entitled to a fresh start not a head start, free of obligations.

3

**WHEREFORE**, AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, by its servicing agent Gregory Funding, LLC respectfully requests that this Court enter a Dismissal Order as to Movant, its successors and/or assigns, and such other and further relief as the Court may deem just and proper.

Dated:  April 3, 2019          **SCHILLER & KNAPP LEFKOWITZ & HERTZEL LLP**

                                                        By:  _s/Lisa Milas_____
                                                            Lisa Milas, Esq.
                                                            Attorneys for AJX Mortgage Trust I, a
                                                            Delaware Trust, Wilmington Savings Fund
                                                            Society, FSB, Trustee, by its servicing agent
                                                            Gregory Funding, LLC
                                                            950 New Loudon Road
                                                            Latham, New York 12110
                                                            (518) 786-9069